UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GORDON VANDERARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-1417 |
| BRITTANY GREENE, Warden<br>Western Illinois Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Gordon Vanderark's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (D. 2) and Respondent Brittany Greene's ("Respondent") Response to the Motion (D. 8). For the reasons set forth below, Petitioner's § 2254 Motion is DISMISSED as untimely.

## PROCEDURAL HISTORY

In July 2013, the Petitioner was convicted of three counts of solicitation of murder for hire (720 ILCS 5/8-1.2) and was sentenced to forty years imprisonment by the Circuit Court of DuPage County ("circuit court"). (D. 8-2, p. 1). Petitioner filed a timely appeal to the Second District Appellate Court of Illinois ("Second District") arguing the trial erred in denying his motion to (1) suppress evidence and (2) appoint a special prosecutor. *Id.* The Second District affirmed the circuit court's judgments on December 23, 2015. *Id.* at p. 6. The Illinois Supreme Court denied his Petition for Leave to Appeal on March 30, 2016, which raised the same arguments and added that the trial court's denial of the motion to suppress violated his right to remain silent. (D. 8-6; D. 8-7). The Supreme Court of the United States denied his certiorari on October 3, 2016. (D. 8-8).

1

In August 2016, while his certiorari petition was pending, Petitioner filed petition for postconviction relief raising various claims of ineffective assistance of trial and appellate counsel; claiming the trial court erred in failing to provide definitions of the words "contract" and "agreement" in response to a jury question during deliberation; and raising Fifth and Sixth Amendment violations. (D. 8, ¶ 12) (D. 8-9). The trial court dismissed the postconviction petition as frivolous and patently without merit. (D. 8-9, p. 3). Petitioner appealed and the Second District affirmed the circuit court's judgment on June 17, 2019. (D. 8-9). The Illinois Supreme Court denied Petitioner's petition for leave to appeal on September 25, 2019. (D. 8-14).

On November 30, 2020, Petitioner filed a motion for extension of time to file a § 2254 Petition. (D. 1). The Court did not enter a ruling on the motion for extension. Petitioner then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 10, 2020, raising the following claims:

> **Claim 1**: The trial court erred in failing to suppress Petitioner's statements to investigators on the ground that the writ of habeas corpus used to secure his presence from prison was obtained under false pretenses (D. 2 at p. 6);
>
> **Claim 2**: The trial court abused its discretion in denying Petitioner's request to appoint a special prosecutor (*Id.* at pp. 7-8);
>
> **Claim 3**: Ineffective assistance of trial counsel for failing to impeach a witness with a letter suggesting he received benefits in exchange for his testimony (*Id.* at p. 11);
>
> **Claim 4**: The trial court erred in failing to define the words "contract" and "agreement" in response to a jury note during deliberation (*Id.*);
>
> **Claim 5**: Petitioner's Fifth and Sixth Amendment rights were violated when investigators questioned him about his alleged solicitation of murder for hire outside the presence of his appointed appellate attorney, who was representing him on appeal in an unrelated aggravated DUI case, despite having been Mirandized prior to questioning (*Id.* at p. 5);
>
> **Claim 6**: Ineffective assistance of trial counsel for failing to:
>   (a) Request the trial court define the words "contract" and "agreement" in response to a jury deliberation note;

      (b) Raise Claim 5; and

      (c) Call certain witnesses (*Id.* at p. 5); and

**Claim 7**: Ineffective assistance of appellate counsel for failing to raise these issues on appeal. (*Id.*).

The Respondent filed a Response on April 7, 2021, and Petitioner filed a Reply on May 5, 2021. (D. 8, D.11). This Order follows.

## DISCUSSION

The Court need not address the merits of Petitioner's habeas claim because the § 2254 Motion is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

### A. Timeliness of Petition

Section 2244 contains a one-year statute of limitations that runs from the following:

  (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to causes on collateral review; or

  (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Pursuant to § 2244(d)(1)(A), Petitioner's judgment became final on October 3, 2016, when the United States Supreme Court denied certiorari on direct review. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007). However, the statute of limitations was immediately tolled due to the pendency of Petitioner's postconviction petition. 28 U.S.C. § 2244(d)(2). The State postconviction review concluded on September 25, 2019, when the Illinois Supreme Court denied Petitioner's

petition for leave to appeal. (D. 8-14). Petitioner then had one year from that date, or until and including September 25, 2020, to file his petition for writ of habeas corpus. *See* § 2244(d)(2). Petitioner's § 2254 Petition is clearly untimely under § 2244(d)(1)(A) and (d)(2) as he did not file his Petition until December 10, 2020. (D. 2; D. 8-14).

However, § 2244(d)(1)(B) contains an exception to the general statute of limitations of § 2244(d)(1)(A), which permits a prisoner to file a habeas corpus petition within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action." § 2244(d)(1)(B). Here, Petitioner argues that the Western Illinois Correctional Center was on lockdown due to the COVID-19 pandemic and he was denied access to the law library where his legal documents were stored and was unable to do legal research between March 2020 and November 2020. (D. 11 at pp. 1-3). As a result, Petitioner claims this State action impeded his ability to timely file his Petition. *Id.*

While there is no definition for what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the Seventh Circuit has held that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002) (emphasis added). Here, the restrictions placed on Petitioner due to the pandemic did not prevent him from timely filing his Petition and § 2244(d)(1)(B) does not apply to this case.

First, the Court notes that a memorandum was issued by the Illinois Department of Corrections Director's Office on March 20, 2020 ("Memo"), that an Administrative Quarantine had been instituted, restricting movement within a facility to accommodate for the COVID-19 pandemic. (D. 8-30). The Memo further states that the IDOC would continue offering law library

4

services during the IDOC's Administrative Quarantine. *Id.* Therefore, the Court questions Petitioner's claim that he was completely denied access to the law library.

Second, even if Petitioner did not have access to law library between March and November 2020, there is no evidence this prevented him from filing a habeas petition during that time. Rule 2(c) of the Rules Governing § 2254 cases provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. Here, the Petitioner had personal knowledge of the facts giving rise to the claims raised in his Petition as he was presumably present during his trial. He also personally prepared a petition for postconviction relief previously filed in the circuit court, which raised the same arguments in this Petition. (D. 8-23 at pp. 67-83). Therefore, Petitioner had sufficient knowledge to "set forth in summary form the facts supporting each of the grounds" raised in the Petition, regardless of access to the law library.

Finally, the Court finds significant that the first filing in this case was a "Motion for Extension of Time" to file a § 2254 Petition. (D. 1). The Motion for Extension was filed on November 30, 2020, and stated that Petitioner still did not have access to the law library and sought an extension from the Court to file his § 2254 Petition. This establishes two important facts: (1) that the Petitioner was still able to file legal documents with the Court despite restrictions from the pandemic; and (2) that Petitioner had knowledge of the statute of limitations to file a § 2254 Petition, hence the request for an extension, and yet he had failed to file his Petition on time.

For the foregoing reasons, § 2244(d)(1)(B) does not apply to this case.

### B. Equitable Tolling

The Supreme Court has made clear that a petitioner is entitled to equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649

(2010) (internal quotations omitted). Equitable tolling is extremely rare and rarely granted. *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008). Here, the IDOC's alleged refusal to allow Petitioner to access the law library does not justify equitable tolling.

After reviewing the record, we find nothing atypical about Petitioner's purported difficulties in prosecuting this action. Numerous habeas petitions have been filed in this Court over the last year, including from prisoners within the IDOC, despite limitations caused by the COVID-19 pandemic. Additionally, the Seventh Circuit has held that a prisoner's limited access to a prison law library is not grounds for equitable tolling. *Tucker,* 538 F.3d at 735. As previously mentioned, Petitioner had personal knowledge of the facts giving rise to the claims in his Petition. While his alleged inability to access to his legal records or conduct legal research between March and November 2020 could have affected the extent of the content included in his Petition, it did not prevent him from filing a petition. Petitioner also had the burden to demonstrate his own diligence in pursuing his claim but has failed to produce any evidence in support of it.

Therefore, Petitioner's § 2254 Motion is untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard,

a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurist would find that Petitioner's claims were not barred by the statute of limitations. Petitioner had one year from the date his judgment became final to file a habeas petition under § 2244, but he did not do so, and no exemptions to the applicable statute of limitations apply. Accordingly, Petitioner's § 2254 Petition is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [2] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DENIED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the case.

ENTERED this 2nd day of June, 2021.

      /s/ Michael M. Mihm
      Michael M. Mihm
      United States District Judge